**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4160**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SY ARTHUR PERRI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:11-cr-00211-D-1)

Submitted: September 25, 2012        Decided: November 7, 2012

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sy Arthur Perri appeals his 108-month sentence after his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). Perri challenges the district court's calculation of his advisory Guidelines range.[*] We affirm.

This court reviews a sentence for procedural and substantive reasonableness using the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In analyzing procedural reasonableness, this court must first determine whether the district court correctly calculated the advisory Guidelines range. Lynn, 592 F.3d at 575. "The [G]overnment bears the burden of proving the facts necessary to establish the applicability of [a sentencing] enhancement by the preponderance of the evidence." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). "We review factual findings for clear error, and legal conclusions de novo." United States v. Davis, 679

---

[*] Perri also contends that the "assumed error harmlessness inquiry" from United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir.), cert. denied, 123 S. Ct. 454 (2011), does not apply. Because we conclude that the district court did not procedurally err, we need not determine the applicability of Savillon-Matute to this case.

F.3d 177, 182 (4th Cir. 2012); United States v. Harvey, 532 F.3d 326, 328 (4th Cir. 2008) (defining clear error).

Perri first challenges the application of a cross-reference in U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1)(A) (2011), to USSG § 2X1.1(a), which, in turn, requires application of the Guidelines provisions relating to robbery. See USSG § 2B3.1(a), (b)(2)(B), (b)(4)(A). We conclude that the district court did not clearly err in its findings of fact and that the factual findings support application of the cross-reference because reliable evidence demonstrated that Perri used the unlawful firearm in connection with a robbery.

Next, Perri argues that the district court should not have imposed a four-level enhancement for abduction pursuant to USSG § 2B3.1(b)(4)(A). The district court found that Perri forcibly accompanied a victim from one room in a house to another room. See USSG § 1B1.1 cmt. n.1(A) (defining abducted). We conclude that these facts warrant application of the enhancement. See United States v. Osborne, 514 F.3d 377, 387-90 (4th Cir. 2008).

Finally, Perri contests the application of a two-level enhancement for reckless endangerment during flight pursuant to USSG § 3C1.2. The district court found that Perri attempted to flee from arrest and, in the process, "flailed" a firearm. We

3

conclude that this conduct is sufficient to support the enhancement.

Finding no error in the district court's calculation of Perri's Guidelines range, we conclude that Perri's sentence is procedurally reasonable. Perri does not contest the substantive reasonableness of his within-Guidelines sentence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4